UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :

                                                :

    v.  : Case No. 23-cr-00070-CJN

                                                :

JESSE JAMES RUMSON,  :

                                                :

    Defendant.  :

**DEFENDANT'S RESPONSE AND OPPOSITION TO UNITED STATES' MOTION FOR PROTECTIVE ORDER (ECF 15]**

In hundreds of cases, the government files these motions for protective orders, seeking vast, comprehensive and expansive sealing and classification of immense varieties of discovery materials. The vast majority of defendants do not oppose. Then, later, the government uses the protective orders for tactical advantage over the defense. Moreover, the government uses the protective orders to keep from the public numerous images, documents and videos which would counteract the government's overarching prosecution messaging campaign.  The United States knows that if the public had full access to Jan. 6 discovery, the government could no longer present January 6 as an unprovoked "attack" on the U.S. Capitol by "armed" rioters, insurrectionists, and seditionists.

Rule 16(d) provides that "the court may, <u>for good cause</u>, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Court of Appeals for the District of Columbia addressed the question extensively in *In re*

*Halkin*, 598 F.2d 176 (D.C. Cir. 1979).  Over a sharp dissent, the *Halkin* court found a first amendment right to disseminate discovery information, and it set forth a three-part test for assessing the constitutionality of protective orders prohibiting such dissemination. The *Halkin* test calls for inquiry whether the dissemination poses a threat of significant harm, whether the protective order is narrowly drawn, and whether less intrusive alternatives exist for protecting parties and the public from dissemination.

As an initial matter, the United States does not bother to make much of any argument for the imposition of such exhaustive and comprehensive protective orders. <u>The Rule requires good cause shown</u>.

**Specifically, the government seeks an order sealing:**

a) **Personal identity information . . . , as well as telephone numbers, email addresses, driver's license numbers, and similar unique identifying information.**

Rumson of course will comply with all conventions regarding redaction of such phone numbers, social security numbers, etc.  This is no basis to seal or protect entire documents or files.

b) **Information regarding the government's confidential sources.**

Present in this case are government claims that a confidential source (from Montana—thousands of miles from defendant's residence) somehow identified defendant Rumson from media or social media of January 6.  The circumstances of this claim defy plausibility, and Rumson contends that the government is seeking to conceal unlawful or uncredible initiation of charges in this case.

c. **Information that may jeopardize witness security.**

Rumson knows of no witness with any issues involving security that must be protected or even addressed by the court.

d. **Contact information for, photographs of, and private conversations with individuals that do not appear to be related to the criminal conduct in this case**.

While Rumson does not contemplate sharing any such materials, Rumson submits that the designation "that do not appear to be related to the criminal conduct in this case" is vastly overbroad.

f. **Sources and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct related to the publicly filed charges**.

This is vastly overbroad and violates the public's right to know the workings of government.  Secret police and omnipotent government and surveillance are anathema to the American constitution and Bill of Rights.

g. **Surveillance camera footage from the U.S. Capitol Police's extensive system of cameras on U.S. Capitol grounds.**

This footage is plainly public information.  The public has a right to this footage—with any exceptions to be argued and submitted on a camera-by-camera basis.

h. **Repair estimates from the Architect of the Capitol.  Rumson can conceive of no good basis for such a protective order.**

The Constitution requires that all outlays of monies be publicly available and published.  (This is not to say this information is not embarrassing to the government in some instances; during the recent Proud Boys trial before Judge Kelly, the government conceded that it possessed no itemized invoices or bills of costs or estimates regarding damaged doors or windows.)

ACCORDINGLY, for all the reasons stated above, Defendant requests that the Court DENY the government's motion(s) for protective orders(s) in ECF 15.

Date: May 29, 2023

Respectfully Submitted,
 */s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email:jpierce@johnpiercelaw.com
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that, on May 29, 2023, this motion was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

*/s/ John M. Pierce*
John M. Pierce
