**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 23-cr-00070-CJN** |
| | **:** | |
| **JESSE JAMES RUMSON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION TO COMPEL DISCOVERY**

The United States of America hereby respectfully files this Response to the Defendant's Motion to Compel Discovery (ECF No. 30), which makes three requests, none of which has merit. The first two requests are moot: as explained below, the Government understands its *Brady* obligations and has been complying with them; it is unnecessary for the Court to do anything further on this request.  As to the second request, the Government has been diligent and timely in providing discovery, including by producing items encompassed by Rumson's request for "[a]ll videos and imagery of Rumson's time inside the Capitol on January 6" as it learns of such materials.  Finally, the Defendant has not met his heavy burden, under Circuit law, of showing why the Montana tipster's identity must be revealed, given that, to the Government's knowledge, the tipster was not a percipient witness to Defendant's crimes and supplied publicly available information only, which the FBI then corroborated.  Therefore, the Court should deny the Defendant's motion.

**RELEVANT BACKGROUND**

On February 24, 2023, the Defendant was charged by criminal complaint.  ECF No. 1.  He was arrested on February 27, 2023.  The Defendant was indicted on March 8, 2023 on a number of charges in connection with his criminal activity on January 6, 2021, including an assault on law

enforcement.  ECF No. 8.  The FBI agent's affidavit supporting the Defendant's arrest notes that Mr. Rumson was captured on official CCTV video entering the U.S. Capitol Building in a large panda headpiece.  ECF No. 1-1 at 7-8.  It further notes that he was later captured leaving through the same door, but without the panda headpiece and in handcuffs.  *Id.* at 9.  It further states, "[a]t some point during his time inside the Capitol, RUMSON appears to lose or leave behind the panda headpiece[.]"  *Id.*

After his arrest in this case, the Defendant and Attorney Pierce appeared on an internet-broadcasted program, "American Sunrise," in which the Defendant acknowledged he was at the Capitol on January 6, 2021 and went inside the building.  *See* https://rumble.com/v2ejg8g-american-sunrise-live-from-city-fire-american-oven-and-bar-in-the-villages-.html  (beginning at approximately 44:54).  In the broadcast, he also appeared to be wearing the same black and white t-shirt that he wore when he committed crimes on January 6, 2021.  Compare *id.* with ECF No. 1-1.

A chronology of the Government's case-specific discovery productions to date is below. In summary, the Government's numerous productions have included video from a number of sources, and includes all video of which the Government is aware of the Defendant's entry, exit, and time inside the Capitol.

- On April 10, 2023, after the entry of a protective order, the Government provided the Defendant with initial case-specific discovery, which it uploaded to its encrypted file sharing network, USAfx.  The production included a number of FBI-302 reports, including one discussing a tip received in June 2021 by the FBI.  Although personally identifying information was redacted from the defense's copy of the FBI's FD-302 report summarizing this tip, the unredacted portions of the document state as follows: "How Contact is Known: I do not know the suspect but I have identified him through research."  The remainder of the unredacted portions of the 302 report indicate that the tip simply provided the FBI with

links to open-source materials, such as Twitter and Facebook, which the FBI then interpedently corroborated.

- On June 15, 2023, another member of Attorney Pierce's firm, Roger Roots, emailed the Government with specific discovery-related questions and demands, including (a) "Communications between the unidentified CHS 'from Montana' and officers regarding Rumson" and (b) "Complete video of Rumson's entrance into the Capitol on Jan. 6 (Rumson states this is exculpatory)."

  The Government responded later that day with a few clarifying questions.  It also noted that it was providing certain supplemental materials via USAfx, including documentation of the defendant's February 2023 arrest and post-arrest interview with FBI, CCTV videos depicting Mr. Rumson's entry into and exit from the Capitol, and various exhibits presented to the grand jury, among other things.

- On July 1, 2023, another member of Attorney Pierce's firm emailed the Government with similar discovery-related questions and demands as the ones contained in Mr. Roots' June 15, 2023 email, including requesting communications with an individual from Montana and "all videos" relating to Mr. Rumson's time inside the Capitol wherein he was handcuffed.

- On July 5, 2023, the Government responded, noting, among other things, that the information received from the individual in Montana was "a tip, and the FBI had no further communications with this individual."  The Government also noted as follows regarding Mr. Rumson's time inside the Capitol: "To date, we have found no such video footage.  We believe this interaction occurred in an area inside the U.S. Capitol Building that does not have CCTV cameras.  We have not located any open source videos of the same.  If we find any, we will, of course, produce to you."

- On August 8, 2023, the Government made another discovery production, which included (a) an FBI-302 summarizing a recent interview of a USCP officer who the Government had recently learned assisted in detaining the Defendant while inside the Capitol, (b) three open-source video exhibits from the *United States v. Leo Kelly* trial that appear to show the Defendant inside the Capitol and appear to show a detained individual from a distance, whose backpack is being searched, and (c) some prior 302 reports documenting interviews of the same officer.

- On August 28, 2023, after the instant filing, the Government provided one additional recently-identified open-source video of the Defendant's time inside the Capitol, and a link to another that the Government was working on downloading.

- On August 28, 2023, the individual who provided the June 2021 tip reporting Rumson contacted the Government and indicated his or her desire to remain anonymous.

In addition, the Government has (1) routinely notified the Defendant when additional global discovery productions become available, and, as part of the global discovery effort, (2) provided the Defendant with access to a database that includes additional U.S. Capitol Police security footage, Metropolitan Police Department body-worn camera video, and items obtained from searches of other Defendants' electronic devices, among many other items.

## ARGUMENT

As shown by the above, the Government has fully complied with its ongoing discovery obligations, and the identity of the tipster is not subject to disclosure. Therefore, the Defendant's motion should be denied.

### 1. *Defendant's request for "all Brady materials."*

The Defendant's first request seeks, generically, "all Brady materials." ECF No. 30 at 1. The Government understands its obligations under *Brady,* has been advised of them under the Due Process Protections Act, and will continue to comply with them. No further action by the Court is necessary.

Although the Government has not identified any exculpatory evidence to date, it has nonetheless turned over substantial materials to the defense in both specific and global discovery, going beyond what *Brady* or the Rules of Evidence require at this time. *See* Fed. R. Crim. Pro. 16(a)(2) ("Information Not Subject to Disclosure. . . . this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made . . . in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection

of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500."). As the Government has explained to the Defendant, if the Government identifies additional discoverable materials, it will produce them.

### 2. *Defendant's request for video showing him at the Capitol.*

The Government has also provided the materials sought in paragraph two of the Defendant's Motion: "[a]ll videos and imagery of Rumson's time inside the Capitol on January 6." ECF No. 30 at 2-3. In case-specific discovery, the Government has produced, on an on-going basis, any videos it finds appearing to depict Rumson inside the Capitol building. Through global discovery, the Defendant also has access to Capitol Police surveillance video, Metropolitan Police Department body-worn camera video, and tools he can use to try to locate additional video of himself, should it exist. As the chronology above shows, the Government has produced on an ongoing basis any additional evidence it has discovered of this timeframe, none of which appears to be exculpatory. The Government will continue to do so. Therefore, like Defendant's request for "all Brady material," this request is moot.

### 3. *Defendant's request for tipster identity.*

As noted above, in June 2021, the FBI received a tip that provided links to various open-source materials on websites such as Twitter and Facebook; the tipster believed those open sources identified the individual in certain January 6 pictures as Rumson. In addition to the links provided, the FBI's 302 report of the tip also stated as follows: "How Contact is Known: I do not know the suspect but I have identified him through research." Defendant's third request, for the identity of that tipster, should be denied.

The tipster did not report any additional information not contained in the video links regarding Rumson's conduct on January 6. He or she simply pointed the FBI to those open-source

materials.  The Government did not rely on the tipster's identification; the FBI independently confirmed that the materials depicted Rumson (for example, by obtaining a third-party identification of the Defendant by someone who personally knew him in photographs depicting Rumson on January 6). *See* ECF No. 1-1 at 3.  Furthermore, after his arrest in this case, the Defendant and Attorney Pierce appeared on an internet-broadcasted program where the Defendant acknowledged he was at the Capitol on January 6, 2021 and went inside the building, further corroborating the Government's evidence independent of the tipster.  Until the instant motion was filed, the FBI had no further contact with the tipster, as was conveyed to the defense.  And the tip here was inculpatory, not exculpatory.

The Government does not intend to call the tipster as a witness at trial, let alone as its "primary witness," as defendant incorrectly claims, because, to the Government's knowledge, (1) he or she was not a percipient witness to the Defendant's crimes, and (2) he or she is not necessary for identification purposes because the FBI separately fully corroborated Rumson's identity (and, given Rumson's admissions, identity is unlikely to be an issue at trial).  The tipster indicated that he or she does not even know the Defendant at all.  Thus, without more information, it is unclear how the tipster's identity, the only redacted information to date, "will corroborate Rumson's account and be exculpatory."   ECF No. 30 at 2.  Attorney Pierce's assertion that "the defense suspects the government is withholding or concealing the true nature of the 'tip' from an unnamed 'Montanan'" is equally frivolous. *Id.*  These broad, speculative assertions fail to establish that the tipster's identity here is discoverable under *Brady*, *Giglio*, or Rule 16.

Under D.C. Circuit law, applying *Roviaro v. United States,* 353 U.S. 53, 59 (1957), a defendant bears a "heavy burden" to "establish that the identity of an informant is necessary to [his] defense."  *United States v. Skeens*, 449 F.2d 1066, 1070 (D.C. Cir. 1971) (internal quotation

marks and citation omitted). This burden is not met by "mere speculation that the informer might possibly be of some assistance." *Id.*; *see United States v. Mangum*, 100 F.3d 164, 172 (D.C. Cir. 1996). The D.C. Circuit has "long adhered to the rule" that "*Roviaro* does not require disclosure of an informant who was not an actual participant in or a witness to the offense charged," *United States v. Warren*, 42 F.3d 647, 654 (D.C. Cir. 1994) (quoting *Skeens*, 449 F.2d at 1071), whose identity is "necessary to [the] defense." *Mangum*, 100 F.3d 164 at 172 (quoting *Skeens,* 449 F.2d at 1070, 1071).

In this case, the Government has no information suggesting the tipster was a "participant in" or a "witness" to the offense charged, and Rumson has not shown that his or her identification is "necessary" – nor could he, where the tipster appears to have no personal knowledge of the Defendant or his conduct, where none of the case turns on the tipster's credibility (because the FBI subsequently relied on other evidence to establish Rumson's identity), and where the tipster will not be a government witness at trial. The Defendant has not come close to meeting his "heavy burden" here, never rising above "mere speculation." *Warren,* 42 F.3d at 654; *Skeens,* 449 F.2d at 1070.

## <u>CONCLUSION</u>

For these reasons, the Government respectfully requests the Court deny Defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     */s/ Samantha R. Miller*
        SAMANTHA R. MILLER
        Assistant United States Attorney

New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

SEAN P. MCCAULEY
Assistant United States Attorney
NY Bar No. 5600523
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov