UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:23-CR-70 (CJN) |
| | : | |
| JESSE JAMES RUMSON, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION *IN LIMINE* TO EXCLUDE AERIAL PHOTOGRAPH**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, respectfully opposes the Defendant's motion *in limine* to exclude an aerial photograph. ECF 28.[1] The photograph in question is an aerial view of the Capitol grounds with the restricted perimeter that was established on January 6, 2021, shown by a red line superimposed on the photograph. The Defendant asks this Court to exclude the aerial photograph on the grounds that it is "altered" or "falsified," *id*. at 3-7, based on the fact that the red line that appears in the photograph was not actually drawn on the ground on January 6, 2021. *Id*. at 4 ("The photograph has been falsified, doctored, or altered by a computer-generated red line

---

[1] The defendant's attorneys, who represent many defendants who have been charged in connection with the January 6 riot at the United States Capitol, filed nearly identical motions in several cases on July 16, 2023. As such, the exact arguments contained in this motion have been rejected by judges of this court. *See*, *e.g.*, *United States v. Zink*, 21-cr-191 (JEB), Memo. Op., ECF 73 at 7-10 ("The photograph is plainly probative of the boundaries of the restricted area, which the Government will have to establish with eyewitness testimony, and whether the Defendant ever crossed boundaries on January 6. […] [E]vidence as to the boundaries of the restricted area is highly relevant. The probative value of the photograph thus outweighs any potential prejudice or cumulativeness. *See* Fed. R. Evid. R. 402. Zink's conclusory allegations that the photograph as been 'doctored' […] do nothing to change the Court's conclusion, so it will deny this motion. The Government, of course, must still authenticate the photograph at trial through witness Testimony. *See* Fed. R. Evid. 901(b)(1). And Defendant will have an opportunity at that time to cross-examine these witnesses about the exact contours of the restricted area."); *United States v. Kastner*, 21-cr-725 (MAU), ECF 62 (same).

being added much like the spaceships in the movies like Star Wars"). The Defendant's motion is without merit and should be denied for the same reasons other courts in this District have denied the motion.

## LEGAL STANDARD

Motions *in limine* serve the limited purpose of narrowing evidentiary issues for trial and eliminating unnecessary trial interruptions. *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011. "In short, motions *in limine* are a means for arguing why 'evidence should or should not, *for evidentiary reasons,* be introduced at trial.'" *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 78 (D.D.C. 2013) (quoting *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)).

Federal Rule of Evidence Rule 401 defines relevance as evidence that has any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 402 is a "rule of inclusion" meaning that all relevant evidence is generally admissible unless it is specifically excluded by the Constitution or a statute. And Rule 403 provides that a court "may exclude" otherwise "relevant evidence" if its probative value is "substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.*; *see also United States v. Rogers*, 918 F.2d 207, 209 (D.C. Cir. 1990) ("As their language makes clear, rules 401, 402, and 403 set out the general principle that evidence should be admitted if relevant, but relevant evidence may be excluded if unfairly prejudicial." (citing *Huddleston v. United States*, 485 U.S. 681, 687 (1988)).

Evidence is not "unfairly prejudicial" merely because it may reflect poorly on the defendant, is damaging to the defense, or implicates the defendant in criminal activity. "Unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing

party. Virtually all evidence is prejudicial, or it isn't material. The prejudice must be unfair." *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002); *see also United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (Rule 403 "does not bar powerful, or even 'prejudicial' evidence. Instead, the Rule focuses on the 'danger of *unfair* prejudice.'") (emphasis in original).

Evidence is admissible if the proponent can "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Ev. 901(a); *United States v. Khatallah*, 41 F.4th 608, 623 (D.C. Cir. 2022) (showing is sufficient if it permits a reasonable juror to find the evidence is what its proponent claims) (internal quotation omitted). The requirements of Rule 901(a) may be satisfied through the testimony of a witness with knowledge "that an item is what it is claimed to be." Fed. R. Ev. 901(b)(1). A witness may authenticate a photograph by testifying that the photograph is a fair and accurate depiction. *U.S. v. Rembert*, 863 F.2d 1023, 1027-1028 (D.C. Cir. 1988). There is no requirement that the person who authenticates a photograph be the photographer. *Id*., citing *United States v. Taylor*, 530 F.2d 639 (5th Cir. 1976) (trial court admitted photographs taken by an automated bank camera of the public area of a bank while employees were locked in the bank vault, even though no employee could testify as to the accuracy of the scene in the public area at the time the photographs were taken).

**ARGUMENT**

The Court should deny the Defendant's motion for the same reasons other courts in this District have done so: Defendant baselessly asserts that the photograph has been "altered" or "falsified," and objects to the image because the red line that appears in the photograph was not actually *drawn on the ground* on January 6, 2021. *See, e.g.,* ECF 28 at 3. These arguments are without merit. Because the aerial photograph exhibit is a relevant, fair, and accurate demonstrative exhibit, the Court should find it admissible.

3

I. **The Photograph is Admissible Because it is Relevant, Fair, and Accurate.**

The aerial photograph is clearly relevant. The Defendant is charged with violating 18 U.S.C. §§ 1752(a)(1), (a)(2), and (a)(4), offenses that involve his presence within the restricted area where the Vice President was temporarily visiting the Capitol on January 6, 2021 for proceedings to certify the Electoral College vote. The photograph is an aerial view of the Capitol building and grounds, and the red line denotes the location of barriers on the outside of the restricted area, as that area was established on January 6, 2021:



The exhibit is highly probative because it is a clear visual illustration of the restricted area, which will be further explained by a United States Capitol Police witness with personal knowledge of the restricted area and security measures in place on January 6, 2021. That witness will testify that the red line superimposed on the photograph is a fair and accurate representation of the restricted area, which was in place around the Capitol on January 6 for, *inter alia*, the protection of the Vice President Pence, who would be visiting. The witness will also explain the use of bike

rack barricades, "area closed" signs, and officers to set and secure the security perimeter. This anticipated testimony satisfies the authentication and admissibility standards.

Furthermore, the exhibit is not unfairly prejudicial, given jurors have day-to-day experience using aerial maps with superimposed lines on them. For example, jurors likely use sites and apps such as Google or Apple maps, which superimpose lines on maps to provide directions. For the same reason, jurors also will not be under any misimpression that the red line on the photograph was *actually painted* on the street. Therefore, under Federal Rules of Evidence 401, 402 and 403, this Court should find this exhibit admissible, so that it may be authenticated at trial.

## II.    The Photograph is Admissible as a Demonstrative Exhibit.

Moreover, this exhibit serves as a demonstrative exhibit. "Federal Rule of Evidence 901(a) provides the basis for admissibility of a demonstrative exhibit: 'To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.'" § 8:45. *What are the foundational requirements for a demonstrative exhibit?*, Larsen, Navigating the Federal Trial § 8:45 (2023 ed.) (collecting cases). "[F]oundation will be established under Rule 901(b)(1) by a witness with knowledge testifying the demonstrative exhibit (e.g., photograph, sketch, drawing, chart, map, or diagram) is a 'fair and accurate' depiction or representation of the scene or the article. If there are differences between the demonstrative exhibit and the scene or article it purports to depict, those differences usually go the weight and not the admissibility of the exhibit." *Id.; see also, e.g., U.S. v. Humphrey*, 279 F.3d 372, 376–77 (6th Cir. 2002) (finding, in bank embezzlement case involving coins, trial court did not abuse discretion by admitting as evidence 107 coin bags filled with styrofoam and not coins, even though the court did not expressly weigh probative value against possible prejudice); *U.S. v. Emmons,* 24 F.3d 1210, 1216–17 (10th Cir. 1994) (finding, in prosecution for manufacturing marijuana and related charges, trial judge did not abuse discretion

5

by admitting into evidence a hand-drawn sketch of the marijuana cultivation operation because the government witness made a sufficient foundation for the admission of the sketch under Fed. R. Evid. 901(a) (i.e., that the matter in question was what its proponent claimed it to be); *U.S. v. Russell*, 971 F.2d 1098, 1104–06 (4th Cir. 1992), *as amended*, (Aug. 12, 1992) (finding, in prosecution for first-degree murder, trial judge did not abuse discretion by admitting a replica gun and ammunition, where neither the victim's body nor the murder weapon was found, because the demonstrative evidence was relevant under Federal Rules of Evidence 401 and 402, and was not so prejudicial as to require exclusion under Federal Rule of Evidence 403).

The only additional alternative to using this summary exhibit would be having a witness present numerous photographs of representative segments of the restricted perimeter, demarcated by bike rack barricades and "area closed" signs. To do so would be a waste of the Court's, the parties', and the jurors' time, and the Court may control the mode and order of the presentation of witnesses to avoid this. Fed. R. Evid. 611(a)(2). Thus, when authenticated by the appropriate Capitol Police witness, this exhibit is proper demonstrative evidence, and the superimposed red line goes to the exhibit's weight, not its admissibility.

### III. The Defendant Cannot Show the Exhibit is Not Fair, Accurate, and Admissible.

The Defendant contends that the aerial photograph outlining the restricted Capitol Grounds is "falsified, doctored, or altered," and refers to it as "fabricated," because of the addition of the red line. *See* ECF 28 at 3-4. He also states that it can only be authenticated by a person "who is familiar with flying above the U.S. Capitol and viewing it from the air." *Id.* at 4.

But, the Defendant cannot show that the exhibit is inaccurate, much less that the photograph is "falsified"—arguments which were rejected in *Zink* and *Kastner*. Similar arguments have been rejected elsewhere. *See supra* n. 1; *see also, e.g., United States v. Thomas*, No. 98-41331, 2000 WL 1028971 at *5 (5th Cir. July 5, 2000) (reviewing various grounds for admission

6

of map derived from aerial photograph that was digitized to add red radii in order to show the defendant's house was within 1,000 feet of a playground in connection with prosecution for distribution of crack cocaine; rejecting argument that witness who created and authenticated the map had not personally measured anything).

Defendant also argues for preclusion of the exhibit because the photograph was not posted publicly on January 6, 2021. ECF 28 at 7-8. But, the public posting of such a picture is not a prerequisite to admissibility or to establishing a restricted building or grounds under 18 U.S.C. § 1752 or any other statute. The defendant focuses on the knowledge element of his offenses, but the government is required to prove *all* elements of these charges, including the fact that he was within the restricted area on January 6, 2021. This necessarily require proof of the restricted area's boundaries, rendering the aerial photograph exhibit particularly relevant. Furthermore, the Defendant may cross-examine witnesses about the exact contours of the restricted area to challenge the reliability of the exhibit.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant's motion.

> Respectfully submitted,
>
> MATTHEW M. GRAVES
> United States Attorney
> D.C. Bar No. 481052

By:      */s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

*/s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov