UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *Plaintiff,*<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>JESSE JAMES RUMSON,<br><br>*Defendant.* | Case No. 23-cr-00070-CJN |

## **DEFENDANT RUMSON'S MOTION TO DISMISS BASED ON DUE PROCESS GROUNDS**

COMES NOW Defendant Jesse Rumson, by and through the undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with this Motion to Dismiss on due process grounds.

Defendant, Jesse Rumson brings this Motion to Dismiss Plaintiffs' Complaint for the following reasons:

### A. BRADY VIOLATION

Under the Due Process Clause of the Fifth Amendment, the prosecution must disclose to the defense, upon request, material evidence, including impeachment evidence, that is favorable to the accused. U.S. Const. amend. V. Governmental actors violate due process when they frustrate the fairness of proceedings by failing to disclose evidence that may suggest the innocence of a defendant. The suppression of evidence, by the prosecution, which is favorable to an accused violates due process where the evidence is material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). The rule of *Brady v. Maryland,* requiring the prosecution to disclose material evidence favorable to the accused, is designed to prevent miscarriages of justice, involving "the conviction and prolonged incarceration of an innocent defendant." *Miller v. United States*, 14 A.3d 1094 (D.C. 2011). The suppression of exculpatory evidence denies the defendant liberty without due process of law "irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

An important purpose of the *Brady* obligations is to "allow defense counsel an opportunity to investigate the facts of the case and, with the help of the defendant, craft an appropriate defense." *Perez v. United States,* 968 A.2d 39, 66 (D.C. 2009). Furthermore, the Supreme Court has recognized a duty to produce evidence even when the items disclosed prove not to be material. *See Strickler v. Greene*, 527 U.S. 263, 281 (1999). Legal standards require a prosecutor to disclose material exculpatory evidence "at the earliest feasible opportunity." *See* ABA Standards, Nos. 11-2.1(c), 11-2.2(a).

To date, defendant Jesse Rumson, ("Rumson") has been unable to procure the primary video in this case. In the absent footage, there is clear audio of Rumson announcing his mens rea. Despite repeated requests for the full footage, the Government has only provided two separate one-minute videos. In the first minute, Rumson is seen entering the capitol with a flag, backpack, and head piece. Eleven minutes lapses and conveniently, the Government has provided another one-minute video where Rumson is leaving the capitol in handcuffs. The Government has repeatedly ignored requests to provide footage of the eleven minutes in between their videos. Within this eleven-minute time frame, it would be shown on footage that Rumson voluntarily surrendered, announced his mens rea but nevertheless was subjected to physical violence by law enforcement officers.

### B. THE GOVERNMENT HAS OMITTED THEIR PRIMARY WITNESS IN THE MATTER

The Sixth Amendment's Confrontation Clause enshrines the defendant's right in all criminal cases "to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court has consistently emphasized that the right of cross-examination is a fundamental right, one which is "essential to a fair trial in a criminal prosecution." *Pointer v. Texas*, 380 U.S. 400, 404 (1965). The Court has repeatedly recognized "the value of cross-examination in exposing falsehood and bringing out the truth in the trial of a criminal case." *Id.* citing 5 Wigmore, Evidence s 1367 (3d ed. 1940).

In the present matter, defense counsel has been made aware that the Government's primary witness has been omitted in an attempt to subvert the 6th Amendment. This primary witness is the individual who identified Rumson and gave a statement corroborating Rumson's account of the incident, but has been completely omitted. Denial of this statement and withholding witness information is a violation of Rumson's 5th Amendment Due Process Rights, as well as his 6th Amendment right of confrontation.

### C. BOTH THE MISSING VIDEO FOOTAGE AND THE PRIMARY WITNESS ARE PIECES OF MATERIAL EVIDENCE

*Brady* held that due process bars a State from withholding evidence that is favorable to the defense and material to the defendant's guilt or punishment. *Brady,* 373 U.S. at 87. Evidence is material if there is a "reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469-470 (2009).

The Government has misled the grand jury by not providing the full story of the events on the day of the incident. The Government has shown the grand jury a picture of Rumson holding up his hands after being uncuffed and stating that he was celebrating a breach from thirty minutes earlier. Defense counsel does not believe this is an accurate portrayal. The Government failed to turn over the eleven minutes of footage where Rumson complied with law enforcement but nevertheless was subjected to physical violence by them. They have also omitted their primary witness who provided statements which corroborates Rumson's account of the incident.

Defense counsel cannot progress in this case without the interior videos and the statements from the primary witness as they are material evidence. Both pieces of evidence are favorable to the defendant and material to this case. A statement by the Government's primary witness which corroborates the defendant's story must be regarded as material. Additionally, eleven out of 13 minutes of footage which have been withheld that show the defendant's voluntary compliance must also be regarded as material to his case.

Moreover, defense counsel has uncovered footage of Rumson calling for peace and love. This footage was in the possession of the Government, but they failed to provide defense counsel with this evidence as well.

### D. CONCLUSION

      With their willful violations of Rumson's civil liberties including and not limited to the intentional withholding of evidence in violation of *Brady* and their intentional omission of their primary witness in violation of the Sixth Amendment's Confrontation Clause, we believe their overall conduct in this case is irredeemable and inexcusable. We are requesting the Court order dismissal or this case, with prejudice.

Dated: December 11, 2023                                                                                  Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

      I, John M. Pierce, hereby certify that on this day, December 11, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

<pre>
                              /s/ John M. Pierce
                              John M. Pierce
</pre>