IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**UNITED STATES OF AMERICA**

      v.                                            Case No. 23-cr-00070-CJN

**JESSE JAMES RUMSON,**

      **Defendant.**

**DEFENDANT'S RESPONSE AND OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE (ECF 35)**

The Court should be fair in admitting a larger category of multimedia evidence due to the newly released January 6 footage. The Court should also prohibit admission of certain statutes and records because they are irrelevant to the Defendant.

**I. This Court Should Admit Not Just Certain Categories of Multimedia Into Evidence But Also Additional Newly Released January 6 Footage**

The government, in its motion in limine, seeks to admit certain types of evidence: (1) police body worn camera footage, surveillance taken from the United States Capitol closed circuit television (CCTV) system, and open-source video footage, and (2) statutes and congressional records. Rumson submits that these exhibits should be considered on a case by case basis at trial, pursuant to the Rules of Evidence.

The U.S. House of Representatives has released the initial tranche of US Capitol Police CCTV footage from Jan. 6 to the public. *Subcommittee on Oversight releases USCP Video Public Access Policy*, UNITED STATES COMMITTEE ON HOUSE ADMINISTRATION, Nov. 17, 2023, https://cha.house.gov/2023/11/subcommittee-on-oversight-releases-uscp-video-public-access-policy. As a result, Defendant has more access, as the House uploads more footage, to certain camera footage from body worn cameras and open-source video footage to surveillance cameras on the Capitol CCTV system. The ability to authenticate or identify various photographs and

video footage is now more democratized. Instead of relying, as the government argues, on the testimony of an experienced U.S. Capitol Police officer who is familiar with all areas of the Capitol and has a certain bias about the events of January 6, Defendant, through his counsel, should have an opportunity to rebut such testimony with the newly released January 6 footage.

**The Red Line Art Must be precluded.**

The court should find the aerial photograph/art exhibit inadmissible. The redline image is misleading, confusing and overly prejudicial under Rule 403 so the court should in its discretion exclude the exhibit from being presented to the jury.

**A.  The Doctored Aerial Photograph Artwork is Inadmissible Even as a Demonstrative.**

The redline "photograph" should be inadmissible under the Rule 403 balancing test. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Normally, "real evidence" is admitted for the truth of what it represents; on the other hand, "demonstrative evidence," while probative, is not necessarily admitted for its truth but rather as an "aid used to explain or illustrate a witness's testimony or the presentation of the proponent's case."  See Guide to NY Evid rule 11.03 [1]; see e.g. Hinlicky v Dreyfuss, 6 NY3d 636, 645-647 (2006) (flow diagram).

Here, the photograph/artwork depicts areas off-limits to trespassers and seeks to draw attention to the particular areas using a solid red line, knowing that a jury will immediately put two plus two together and falsely conclude that anyone within that area was knowingly illegally present.

The photograph may be relevant to support government claims that the defendant was present within the restricted area. However, that is not the end of the story. The court must analyze the

relevant evidence under the 403 balancing test and, upon doing so, can only come to one conclusion: the red line will mislead or confuse the jury by giving a distorted representation of the relevant fact.

## CONCLUSION

For the foregoing reasons, the Court should deny the United States' motion to admit the (1) police body worn camera footage, surveillance taken from the United States Capitol closed circuit television (CCTV) system, and open-source video footage, and (2) statutes and congressional records.

Dated: December 11, 2023                                                                 Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, December 11, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce